NING, LILLY & JONES
MICHAEL A. LILLY    #1681
707 Richards Street, Suite 700
Honolulu, Hawaii 96813
Email: Michael@nljlaw.com
Telephone: (808) 528-1100
Facsimile: (808) 531-2415

THE COLLINS LAW FIRM
JOHN A. SOPUCH III   #8312
1717 Park Street, Suite 200
Naperville, IL 60563
Email: jsopuch@collinslaw.com
Telephone: (630) 527-1595
Facsimile: (630) 527-1193

CARTER SCHOLER ARNETT HAMADA
  & MOCKLER, PLLC
J. ROBERT ARNETT II #4191
8150 N. Central Expressway, 5th Floor
Dallas, TX 75206
Email: barnett@carterscholer.com
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

Attorneys for Plaintiffs
CHARLES L. CARSON, LINDA KNERR CARSON, RONALD R. PARSONS and
JOAN KELLY PARSONS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES L. CARSON, LINDA KNERR CARSON, RONALD R. PARSONS, and JOAN KELLY PARSONS,<br><br>Plaintiffs, | CIVIL NO: 14-00544<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

|                                                                                                                                                                          |
|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| vs.<br><br>SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50,<br><br>Defendants. |

## COMPLAINT

Plaintiffs Charles L. Carson, Linda Knerr Carson, Ronald R. Parsons, and Joan Kelly Parsons (hereinafter, "Plaintiffs"), allege as follows as their Complaint against the above-named Defendants:

The Defendants committed legal malpractice and breached their fiduciary duties to Plaintiffs by, among other things, negotiating away valuable claims and rights the Plaintiffs had without obtaining Plaintiffs' informed consent or any consideration in return. Defendants' conduct in this regard was egregious.

## PARTIES

1. Plaintiffs Charles L. Carson and his wife, Linda Knerr Carson, are citizens and residents of the State of Hawai'i, and they purchased Unit O-922 at The Beach Villas at Ko Olina, a resort project on O'ahu.

2. Plaintiffs Ronald Parsons and his wife, Joan Kelly Parsons, are citizens and residents of the State of Hawai'i, and they purchased Unit O-712 at The Beach Villas at Ko Olina.

3. Defendant Sidney K. Kanazawa is, upon information and belief, a citizen and resident of the State of California. Defendant Kanazawa is a partner of the law firm of McGuireWoods, LLP and, according to that firm's website, is licensed to practice law in the states of California and Hawai`i.

4. Defendant McGuireWoods, LLP is a limited liability partnership organized under the laws of the State of Virginia. It has offices in the States of Georgia, Texas, Maryland, Virginia, Illinois, Florida, California, New York, Pennsylvania, North Carolina, and Delaware, the District of Columbia, and two foreign states.

5. Doe Defendants 1-50 are persons, partnerships, associations, companies, corporations, or entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiffs or their attorneys, except that Doe Defendants 1-50 were and/or are subsidiaries, servants, employees, representatives, co-venturers, associates, consultants, owners, lessees, lessors, guarantors, assignees, assignors, licensees, and/or licensors of Defendants and were or are in some manner presently unknown to Plaintiffs or their attorneys engaged or involved in the activities alleged herein or responsible for the activities of which Plaintiffs complain, or should be subject to the relief Plaintiffs seek. Plaintiffs pray for leave to certify the true names, identities, capacities, activities and/or responsibilities of Doe Defendants 1-50 when, through further discovery in this case,

the same are ascertained. Plaintiffs have made a good faith effort to identify said Doe Defendants prior to filing this Complaint, including interviewing witnesses and reviewing documents on file with the Department of Consumer Affairs and the Circuit Court of the First Circuit.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants because, at the pertinent time of the allegations set forth herein, they were conducting business in the State of Hawai`i and committed acts in the State of Hawai`i giving rise to Plaintiffs' causes of action.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in the City and County of Honolulu.

## STATEMENT OF FACTS

9. Centex Homes ("Centex") developed a luxury beachfront condominium project in a resort setting on the Southwestern coast of the Island of Oahu, State of Hawai`i, known as The Beach Villas at Ko Olina. Centex

prominently featured and represented in its sales and contract materials the amenities that were and would be available to the owners of units in the project. In these sales and contract materials, Centex took affirmative steps to conceal from prospective purchasers that Centex had given a company unrelated to Centex, Ko Olina Development, LLC ("KOD"), an unconditional option to purchase the commercial apartments that comprised the amenities and, upon exercising those option rights, KOD had the right to exclude the unit owners from access to or use of the amenities.

10. In May of 2009, Defendants hosted a meeting at the McGuireWoods, LLP office in Century City, California. The purpose of the meeting was to advise senior executives from Centex that the owners of condominium units at The Beach Villas at Ko Olina (which included Plaintiffs) had significant claims against Centex arising from Centex's misrepresentations and omissions regarding the amenities. With the help of a power-point presentation that he and his firm had put together, Defendant Kanazawa explained to the senior executives of Centex who were in attendance at the meeting that the owners of the units at The Beach Villas at Ko Olina project, including Plaintiffs, had claims against Centex for, among other things, common law fraud, violations of HRS § 514 B-94, HRS § 514 B-67, Hawaii's UDAP statute, i.e., HRS §§ 480-2 and 480-13, and were entitled to rescission in connection with their purchases of units from Centex. Defendants Kanazawa and McGuireWoods, LLP believed, and represented to Centex, that

Centex's conduct subjected Centex to punitive and treble damages as well as the recovery of attorneys' fees. Defendants Kanazawa and McGuireWoods, LLP thus valued the legal claims that the KOBV owners, including Plaintiffs, had against Centex at more than $100 million. At the Century City meeting, Kanazawa told the Centex executives in attendance that they should recharacterize the resort's limited common elements to take those away from KOD's control, and should place restrictions on KOD's ability to use of the amenities once it exercised its option to purchase them.

11. About one month after the Century City meeting in June of 2009, Centex determined (consistent with Kanazawa's suggestions at the Century City meeting) that it was in Centex's best interest to attempt to "recharacterize" certain limited common elements at The Beach Villas at Ko Olina and to try and restrict what KOD could do with the amenities once it purchased them in an effort to ensure that KOD would never be able to control those amenities, and thereby exclude unit owners from the use thereof. To that end, in June of 2009, Centex began to take affirmative steps to try and take from KOD certain rights that KOD had obtained in the amenities by virtue of the unconditional option that KOD had previously obtained from Centex.

12. As a result of Centex's affirmative steps to take away KOD's rights by attempting to "recharacterize" certain limited common elements and impose

conditions on KOD's rights in the amenities that it had the option to purchase, KOD sued Centex ("The Federal Court Action"), and asked the Court to declare that Centex did not have the right to "recharacterize" the subject limited common elements and did not have the right to impose any conditions on KOD's rights in the amenities. In July of 2009, Centex counterclaimed against KOD, arguing, among other things, that its attempted "recharacterization" of certain limited common elements was proper in all respects and that it should be able to place restrictions and conditions on KOD's rights in the KOBV amenities. The Federal Court allowed Centex to recharacterize the limited common elements, but refused to permit Centex to place any conditions on KOD's rights to the resort's amenities, finding that KOD would be able to essentially do what it pleased with the amenities once it exercised the option that Centex had given it to purchase all of the resort's amenities for one dollar. The Ninth Circuit Court of Appeals would ultimately affirm the trial court's decisions.

13. Beginning in January 2010, approximately seven (7) months after the Federal Court Action had been initiated, Defendants counseled Plaintiffs to become parties to a Settlement and Release Agreement (the "Aggregated Agreement"), pursuant to which Plaintiffs would forever release all of their claims against Centex. In February 2010 and on "behalf" of Defendants' clients, which included Plaintiffs, Defendant Kanazawa executed the Aggregated Agreement. The Aggregated

Agreement had an Effective Date, as that term is defined in the Aggregated Agreement, of February 9, 2010.

14. In the Aggregated Agreement, as "consideration" for the full releases obtained from more than 85 unit owners, including Plaintiffs, Centex agreed only that it would continue to pursue its counterclaim as long as the Court in The Federal Action did not declare that Centex did not have the right to "recharacterize" the limited common elements or impose conditions on KOD's use of the amenities. Centex has admitted that it intended to continue the prosecution of its counterclaim in The Federal Court Action whether or not any unit owners agreed to be bound by the Aggregated Agreement.

15. In return for Defendants Kanazawa's and McGuireWoods, LLP's efforts in connection with obtaining as many signatories as possible to the Aggregated Agreement who would sign away all of their significant rights against Centex, Centex agreed to pay Defendants Kanazawa and McGuireWoods, LLP their "fees, expenses and costs" incurred in connection with such efforts. In short, the more clients that Defendants Kanazawa and McGuireWoods, LLP could find to agree to be bound by the Aggregated Agreement and give up all of their rights against Centex, the more money Centex would pay Defendants Kanazawa and McGuireWoods, LLP.

16. An attorney-client relationship existed between each of the Plaintiffs on the one hand, and Defendants Kanazawa and McGuireWoods, LLP, on the other.

17. Despite Defendants Kanazawa's and McGuireWoods, LLP's obligations to their clients, Defendants failed to apprise Plaintiffs of the significant rights that they had against Centex which they were forever giving away by agreeing to be bound by the Aggregated Agreement and authorizing Defendant Kanazawa to enter into the Aggregated Agreement on their behalf. Those significant rights included, at a minimum, the claims and causes of action of which Defendants Kanazawa and McGuireWoods, LLP had apprised Centex (through the use of, *inter alia*, a power-point presentation) at, among other times, the meeting referenced above which took place in May of 2009 at McGuireWoods, LLP's offices in Century City, California.

18. At no time did Defendant Kanazawa or any member of McGuireWoods, LLP ever directly meet with, speak to or communicate with Plaintiffs regarding the significant rights (like those that Defendants had described to Centex at the May 2009 Century City meeting) that they were forever releasing by permitting Defendants to enter into the Aggregated Agreement on "their behalf." At no time did Defendant Kanazawa or any member of McGuireWoods, LLP ever share with any of the Plaintiffs the power-point that Kanazawa used at the May 2009 meeting with the Centex executives at his offices.

19. At no time did Defendant Kanazawa or any member of McGuireWoods, LLP ever explain to Plaintiffs that they were forever releasing significant rights in return for virtually nothing.

20. As a direct and proximate result of Defendant Kanazawa's and McGuireWoods, LLP's conduct, as set forth herein, Plaintiffs have suffered significant damages.

21. On July 18, 2013, the Honorable Virginia Lea Crandall confirmed a 34-page arbitration award authored by retired Second Circuit Court Judge Joel August against Centex. That arbitration had been brought by two owners of a KOBV unit (Linda and Con Nguyen) who were identically situated to Plaintiffs, with the exception of the releases that Kanazawa had signed on behalf of his clients. In his award, Judge August detailed Centex's misconduct and then concluded that Centex (1) breached the sales contract of the Nguyens (who, again, were identically situated to Plaintiffs), (2) violated Hawai`i's UDAP statute (HRS 480-2, and 480-13) as it respected the the Nguyens (3) breached the fiduciary duties that it (Centex) owed to the Nguyens, (4) was required to repurchase two of the Nguyen's units (i.e., awarded the Nguyen's rescission), and (5) had to pay all of the Nguyen's attorney's fees and costs incurred in the arbitration. In other words, Judge August found that the KOBV condo owners in that case (the Nguyens)--identically situated to Plaintiffs for all relevant purposes--had prevailed on the very same valuable claims which, at

the Century City meeting in 2009, Defendants had told Centex that the owners possessed, but which claims Defendants never bothered to reveal to Plaintiffs.

22. Later in 2013, in another arbitration brought by KOBV owners against Centex, the former Chief Justice of the Hawai`i Supreme Court, Ronald Moon, ruled that KOBV owners who prevailed on UDAP claims against Centex were entitled to treble damages under the UDAP statute.

## CAUSES OF ACTION

### Count One: Legal Malpractice

23. Plaintiffs repeat and incorporate by reference their allegations in paragraphs 1 through 22 of this Complaint.

24. Plaintiffs, on the one hand, and Defendants Kanazawa and McGuireWoods, LLP, on the other hand, had an attorney-client relationship.

25. Defendants Kanazawa and McGuireWoods, LLP owed Plaintiffs a duty to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks that they undertake.

26. Defendants Kanazawa and McGuireWoods, LLP breached their duty to Plaintiffs by, among other things, negotiating a settlement that gave away Plaintiffs' rights for almost no value, negotiating a settlement that rewarded themselves at the expense of Plaintiffs, failing to adequately advise Plaintiffs of the rights, claims and prospective damages they were releasing, failing to disclose to Plaintiffs that they

were being paid by Centex to sign up unit owners to release their claims, and binding Plaintiffs to a settlement that no reasonable attorney, having undertaken a reasonable investigation into the facts and law as would be appropriate under the circumstances and with knowledge of the same facts, would have recommended.

27. There is a causal connection between the breaches of duty by Defendants Kanazawa and McGuireWoods, LLP, and Plaintiffs' injuries.

28. Plaintiffs suffered actual loss or damages as a result.

Count Two: Breach of Fiduciary Duty

29. Plaintiffs repeat and incorporate by reference their allegations in paragraphs 1 through 28 of this Complaint.

30. As Plaintiffs' attorneys, Defendants Kanazawa and McGuireWoods, LLP owed Plaintiffs fiduciary duties.

31. Defendants Kanazawa and McGuireWoods, LLP breached their fiduciary duties to Plaintiffs by, among other things, failing to obtain informed consent before entering into a settlement that aggregated the claims of the unit owners; failing to advise Plaintiffs that entering into a settlement that aggregated the claims of the unit owners gave rise to a conflict of interest between Defendants and each member of the group, including Plaintiffs; concealing material facts from members of the group, including Plaintiffs; and failing to ensure the settlement with Centex (including the term for payment of Defendants Kanazawa and

McGuireWoods, LLP by Centex) were fair and equitable to Plaintiffs. Defendants failed to make reasonable use of the confidence that Plaintiffs placed in them; failed to act in the utmost good faith and exercise the most scrupulous honesty toward Plaintiffs; failed to place the interests of Plaintiffs before their own; they used the advantage of their position to gain benefits for themselves at the expense of Plaintiffs; placed themselves in a position where their self-interest conflicted with their obligations as a fiduciary; and failed to fully and fairly disclose all material information to Plaintiffs concerning the settlement with Centex.

32. Indeed, the Aggregated Agreement was an aggregated settlement of the various claims of the group of unit owners which required Defendants to comply with Rule 1.8(g) of the Hawai`i Rules of Professional Responsibility. Prior to entering into the Aggregated Agreement, Defendants failed to obtain informed consent from the group including, but not limited to, the terms and conditions of the Aggregated Agreement, the existence and nature of all claims and defenses involved in the Aggregated Agreement, the details of each group member's participation in the Aggregated Agreement, and the total fees and costs to be paid to Defendants as a result of the Aggregated Agreement, including the fact that the fees and costs were being paid by Centex.

33. Defendants Kanazawa's and McGuireWoods, LLP's breaches of fiduciary duties proximately caused injury to Plaintiffs.

34. Plaintiffs suffered certain actual loss or damages as a result.

WHEREFORE, Plaintiffs pray for relief as follows:

A. For damages against the Defendants in an amount to be determined at trial;

B. For punitive damages in an amount to be determined at trial;

C. For reimbursement of costs and expenses, including their reasonable attorneys' fees;

D. For prejudgment and post-judgment interest at the highest rates permitted by law; and

E. For such further and additional relief as the Court finds just and equitable.

DATED: Honolulu, Hawai`i, <u>December 3, 2014.</u>

/s/ Michael A. Lilly
MICHAEL A. LILLY
JOHN A. SOPUCH III
J. ROBERT ARNETT II
Attorneys for Plaintiffs
CHARLES L. CARSON, LINDA KNERR CARSON, RONALD R. PARSONS, AND JOAN KELLY PARSONS