IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES L. CARSON, LINDA KNERR CARSON, RONALD R. PARSONS, and JOHN KELLY PARSONS, | ) ) ) ) ) | CIVIL 14-00544 LEK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| RNI, N.V., L.P., | ) | CIVIL 16-00053 LEK-KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SIDNEY K. KANAZAWA, ESQ., a resident of California, MCGUIREWOODS, LLP, a Virginia limited liability partnership, and DOE DEFENDANTS 1-50, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER
ORDER GRANTING SUMMARY JUDGMENT MOTIONS**

On April 30, 2017, this Court issued its Order Granting

Defendants' Motion for Partial Summary Judgment on the Claims

Asserted by Plaintiff RNI, N.V., L.P.; Granting Liability Portion

of Defendants' Motion for Summary Judgment on the Claims Asserted

by Plaintiffs Charles L. Carson, Linda Knerr Carson, Ronald R. Parsons, and Joan Kelly Parsons; and Denying as Moot Remaining Motions for Summary Judgment ("4/30/17 Order"). [Dkt. no. 424.] On May 18, 2017, Plaintiffs Charles L. Carson, Linda Knerr Carson, Ronald R. Parsons, Joan Kelly Parsons (collectively "the Individual Plaintiffs"), and RNI-N.V., L.P. ("RNI," all collectively "Plaintiffs") filed a motion for reconsideration of the 4/30/17 Order ("Motion for Reconsideration"). [Dkt. no. 426.] Defendants Sidney K. Kanazawa, Esq. ("Kanazawa"), and McGuireWoods LLP (collectively "Defendants") filed their memorandum in opposition on June 1, 2017, and Plaintiffs filed their reply on June 8, 2017. [Dkt. nos. 429, 431.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiffs' Motion for Reconsideration is hereby denied for the reasons set forth below.

**STANDARD**

Plaintiffs bring the Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). [Motion for Reconsideration at 2; Mem. in Supp. of Motion for Reconsideration at 2.] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiffs may seek reconsideration pursuant to Rule 59(e), even

though final judgment has not been entered in this case.  See
Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868,
at *1 (D. Hawai`i Nov. 8, 2016) ("When a ruling has resulted in a
final judgment or order . . . a motion for reconsideration may be
construed as either a motion to alter or amend judgment under
Federal Rule of Civil Procedure 59(e) or a motion for relief from
judgment under Rule 60(b)." (citing Sch. Dist. No. 1J Multnomah
Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993))).

> Rule 59(e) offers "an extraordinary remedy, to be
> used sparingly in the interests of finality and
> conservation of judicial resources."  Carroll v.
> Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)
> (internal quotation marks and citation omitted).
> In the Ninth Circuit, a successful motion for
> reconsideration must accomplish two goals.  First,
> "a motion for reconsideration must demonstrate
> some reason why the court should reconsider its
> prior decision."  Na Mamo O `Aha `Ino v. Galiher,
> 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  Second,
> it "must set forth facts or law of a strongly
> convincing nature to induce the court to reverse
> its prior decision."  Id.

> Courts have established three grounds
> justifying reconsideration: (1) an intervening
> change in controlling law; (2) the availability of
> new evidence; and (3) the need to correct clear
> error or prevent manifest injustice.  Allstate
> Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir.
> 2011); Mustafa v. Clark County Sch. Dist., 157
> F.3d 1169, 1178-79 (9th Cir. 1998).  The District
> of Hawaii has implemented these standards in Local
> Rule 60.1.

United States ex rel. Atlas Copco Compressors LLC v. RWT LLC,
Civ. No. 16-00215 ACK-KJM, 2017 WL 2986586, at *1 (D. Hawai`i
July 13, 2017).  Plaintiffs only base the Motion for

Reconsideration on alleged clear error and manifest injustice. [Mem. in Supp. of Motion for Reconsideration at 3.]

## DISCUSSION

Relevant to the Motion for Reconsideration, the 4/30/17 Order granted: Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiff RNI, N.V., L.P. ("Defendants' RNI Motion"); [filed 10/19/16 (dkt. no. 318);] and the liability portion of Defendants' Motion for Summary Judgment on the Claims Asserted by Plaintiffs Charles L. Carson, Linda Knerr Carson, Ronald R. Parsons, and Joan Kelly Parsons ("Defendants' Individual Plaintiffs Motion"), [filed 10/19/16 (dkt. no. 322)].[1]

Plaintiffs first argue that this Court committed clear error in concluding that RNI released all of its claims against Centex Homes ("Centex") in 2008. Plaintiffs argue that the 2008 Release[2] was a general release that could not release claims that RNI was not aware of at the time. Plaintiffs assert that the 2008 Release would not have precluded RNI's claims against Centex regarding the Beach Villas amenities because the parties to the 2008 Release did not contemplate that the 2008 Release would cover such claims. Further, even if the parties to the 2008

---

[1] This Court denied three other motions for summary judgment, [dkt. nos. 316, 320, 335,] as moot. [4/30/17 Order at 71.]

[2] For the factual background that lead up the 2008 Release, see the 4/30/17 Order at 7-11.

Release contemplated claims regarding the Beach Villas amenities,
Plaintiffs argue that this Court erred in concluding that the
2008 Release unambiguously encompassed the claims regarding the
amenities.  Plaintiffs therefore contend that this Court
committed clear error when it concluded that "because the 2008
Release released the claims that RNI could have brought against
Centex regarding the Beach Villas amenities, RNI cannot establish
that any allegedly wrongful acts or omissions by Defendants
caused RNI to lose the ability to bring those claims against
Centex."  See 4/30/17 Order at 35.

Plaintiffs next argue that this Court erred in
concluding that Defendants' misconduct was not the proximate
cause of the Individual Plaintiffs' injuries.  This Court
concluded that "the Arbitrator's and the state court's legal
errors were intervening, superseding causes that prevent
Defendants from being liable to the Individual Plaintiffs for
erroneously including their units on Exhibit A to the 2010
Settlement Agreement."[3]  [4/30/17 Order at 69-70.]  Plaintiffs
argue that this Court committed clear error because: whether an
event constitutes a superseding cause is an issue of fact that
this Court improperly resolved on summary judgment; this Court

---

[3] For the factual background of the 2010 Settlement
Agreement and Exhibit A thereto, see the 4/30/17 Order at 14-20,
and for the background of the Arbitrator's and the state court's
rulings, see the 4/30/17 Order at 22-24.

erred in its analysis of the tenancy by the entirety issue;[4] this
Court made rulings about the Arbitrator's decisions without a
complete record of the evidence and the arguments presented to
the Arbitrator and without considering all of the theories that
Centex presented to the Arbitrator; and, in concluding that
arbitrator error was foreseeable, this Court failed to consider
well-settled law that an arbitrator's decision can only be
vacated under limited circumstances.

　　　　First, Plaintiffs' argument that this Court had an
insufficient record of the proceedings before the Arbitrator
fails.  Plaintiffs could have presented a more complete record of
the arbitration proceedings in their response to Defendants'
motions for summary judgment but did not.  See Wereb v. Maui
Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011)
("reconsideration may not be based on evidence and legal
arguments that a movant could have presented at the time of the
challenged decision" (some citations omitted) (citing Kona
Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.
2000))).  Moreover, Plaintiffs' Motion for Reconsideration does
not identify specific material from the arbitration proceedings
which: this Court did not have when it considered Defendants'
summary judgment motions; and Plaintiffs allege would have

---

　　　　[4] The tenancy by the entirety analysis is in the 4/30/17
Order at 37-40.

altered this Court's analysis of the motions. Plaintiffs' Motion for Reconsideration is denied as to Plaintiffs' argument that this Court had an insufficient record of the arbitration proceedings.

All of the other arguments in Plaintiffs' Motion for Reconsideration are arguments that they previously raised – and this Court considered – in connection with Defendants' RNI Motion and Defendants' Individual Plaintiffs' Motion. Plaintiffs' disagreement with this Court's rulings and their disappointment in the outcome of this case are not grounds for reconsideration. See Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citation omitted)). The Motion for Reconsideration is denied as to Plaintiffs' attempts to re-litigate issues that this Court considered in ruling on the underlying motions.

Plaintiffs have failed to establish that this Court committed clear error in the 4/30/17 Order or that reconsideration of the order is necessary to prevent manifest injustice.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion to Reconsider Order Granting Summary Judgment Motions, filed May 18, 2017, is HEREBY DENIED. The Clerk's Office is DIRECTED to enter

final judgment immediately.  Judgment is in favor of Defendants as to all claims, pursuant to this Court's April 30, 2017 order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 8, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CHARLES L. CARSON, ET AL. VS. SIDNEY K. KANAZAWA, ET AL; CV 14-00544 LEK-KSC; RNI-N.V., L.P. VS. SIDNEY KANAZAWA, ESQ., ET AL; CV 16-00053 LEK-KSC; ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING SUMMARY JUDGMENT MOTIONS